UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BALWANT GREWAL et al.,

        Plaintiffs,                Civil Case No. 14-13228
                                        Honorable Linda V. Parker

v.

NARINDER GREWAL,

        Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF NO. 3)</u>**

Presently before the Court is Defendant Narinder Grewal's ("Defendant") motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), or, alternatively motion for partial summary judgment as to Counts I, II, III, and V of the Complaint, pursuant to Rule 12(b)(6). (Def.'s Mot., ECF No. 3 at 1–2.) For the following reasons, the Court **GRANTS** Defendant's motion to dismiss pursuant to Rule 12(b)(2).

**I.**

Defendant argues that the Plaintiffs' allegations, on their face, are insufficient to establish personal jurisdiction over him, and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). When deciding a Rule 12(b)(2) motion, a district court has three procedural alternatives at its disposal: (1)

"it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). Regardless of the method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists." *Id.* at 1458. Since this Court has determined that the motion to dismiss for lack of personal jurisdiction can be decided upon the parties' written submissions, the Court must "consider the pleadings and the affidavits in the light most favorable to the plaintiff," *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989) (citation omitted), and "the plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Theunissen*, 935 F.2d at 1458. In deciding a 12(b)(2) motion on the parties' written submissions, the court "does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459.

Federal courts may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment. *Wright v. MGM Detroit Grand Casino*, No. 11-15105, 2012 WL 1883344, at *1-2 (E.D. Mich. Apr. 26, 2012) report and recommendation adopted,

No. 11-CV-15105, 2012 WL 1795827 (E.D. Mich. May 17, 2012) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)).

In a diversity case, the exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. *Children's Legal Servs., PLLC v. Shor Levin & Derita, PC*, 850 F. Supp. 2d 673, 679 (E.D. Mich. 2012) (citations omitted). "The Sixth Circuit has explained that '[w]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process.'" *Id.* (quoting *Bridgeport Music, Inc. v. Still N The Water Publ'g*, 327 F.3d 472, 477 (6th Cir.2003) (per curiam) (internal citations omitted). "'[T]his Circuit historically has understood Michigan to intend its long-arm statute to extend to the boundaries of the fourteenth amendment.'" *Id.* (quoting *Theunissen*, 935 F.2d at 1462). Thus, this Court shall determine whether exercising personal jurisdiction in this matter violates constitutional due process.

## II.

There are two categories of personal jurisdiction: general jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state, unrelated to the underlying suit, and sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff

3

may have against the defendant; and specific jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir.1997); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 n.6 (2014). Defendant asserts that Plaintiffs have no bases for general or specific personal jurisdiction. (Def.'s Mot., ECF No. 3 at 7.) Plaintiffs contend that only specific jurisdiction is applicable to the case at hand. (Pl.'s Resp. Br., ECF No. 4 at 9.) Accordingly, because Plaintiffs make no argument for general jurisdiction, and because the Court finds no continuous and systematic contacts with the forum state sufficient to impose personal jurisdiction thereunder, the Court concludes that there is no basis in the record to conclude that this Court has general jurisdiction over Defendant.

## III.

Further, the Court does not have specific jurisdiction over Defendant. For there to be specific jurisdiction over a nonresident defendant, such a defendant must have certain minimum contacts with the forum state in order to bind the nonresident to a judgment of its courts. *Walden*, 134 S. Ct. at 1121. The Supreme Court in *Walden v. Fiore*, recently explained that "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant [in accordance with due process] 'focuses on the relationship among the defendant, the forum, and

the litigation.' " *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (additional citation and quotation marks omitted).

There are two related aspects of the aforementioned relationship: First, the relationship must arise out of contacts that the *defendant himself* creates with the forum. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis added). The defendant-focused "minimum contacts" cannot be satisfied by demonstrating contacts between the plaintiff (or third parties) and the forum State. *Id.* Second, the "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. *Id.* (citation omitted).

Having reviewed the record, it is clear that Plaintiffs fail to establish specific jurisdiction over Defendant.

**A.**

In October 2009, Plaintiffs Balwant Grewal and Mohinder Grewal sold property in Punjab, India (Property 1) and moved to Illinois to live with their son, Defendant Narinder Grewal. (Pls.' Compl., ECF No. 1-2 at 1.) Balwant and Mohinder suffer from ailing health, and Defendant agreed to utilize the proceeds of the sale to provide personal care for Balwant and Mohinder while residing with him. (Pls.' Resp. Br., ECF No. 5 at 4.) Specifically, Defendant was to facilitate the transfer of the proceeds of the sale of Property 1 (approximately $400,000.00) into

joint accounts with Balwant, Mohinder, and himself, and utilize the funds in the joint bank accounts to provide for Balwant and Mohinder's living expenses. (Pls.' Compl., ECF No. 1-2 at 2; Pls.' Resp. Br., ECF No. 5 at 4.) Subsequently, Balwant and Mohinder gifted Defendant with a property located in Punjab, India (Property 2). (Pls.' Resp. Br., ECF No. 5 at 3; Mohinder Aff., ECF No. 5-3 at 3.) In September 2013, Balwant and Mohinder transferred ownership of an additional property located in Delhi, India (Property 3) to their daughter, Plaintiff Jaswinder Grewal-Karwa, as a gift. (*Id.*)

Balant, Mohinder, and Jaswinder (collectively "Plaintiffs") claim that following the September 2013 gifting of Property 3 to Jaswinder, Defendant began to neglect Balwant and Mohinder. Defendant denied Balwant and Mohinder access and itemized review of their joint accounts; there was growing turbulence in Defendant's home; consequently, Balwant and Mohinder moved to Michigan to live with Jaswinder. (Pls.' Resp. Br., ECF No. 5 at 4–5; Mohinder Aff., ECF No. 5-3 at 4; Jaswinder Aff., ECF No. 5-5 at 3–4.) Thereafter, Defendant refused to return Balwant and Mohinder their legal identification and utilized the jointly held funds to establish a personal line of credit, a certificate of deposit, and a new business. (*Id.*) Further, Defendant used the funds to purchase rental property and fund construction on his home. (*Id.*)

6

Plaintiffs do not cite to *Walden*, which governs the matter at issue, but nevertheless assert that there is specific jurisdiction over Defendant because he: (1) "transacted business" in Michigan by visiting Plaintiffs in Michigan at least four times to "discuss the situation"; (2) engaged in "tortious conduct" by not providing Plaintiffs with access to or an accounting of their funds while in Michigan, and by leaving threating voice messages to Plaintiffs at Jaswinder's residence in Michigan; (3) contacted Plaintiffs via email whom reside in Michigan; and (4) left over 50 voice messages to Plaintiffs whom reside in Michigan. (Pls.' Resp. Br., ECF No. 5 at 9–14.)

**B.**

**"Transaction of Business" in Michigan**

Plaintiffs assert that "on four separate occasions, Defendant met with them at Jaswinder's home and at [a restaurant] to discuss the proceeds of Property 1, the division of Property 3, Defendant's improper use of the sale proceeds, the creation of a Trust account for the Plaintiffs, and the return of Plaintiffs' legal identification, among other items." (*Id.* at 10.)

The Fourteenth Amendment's Due Process Clause constrains a State's authority to bind a nonresident defendant to a judgment of its courts and requires that for specific jurisdiction to be created, the nonresident have certain minimum contacts with the forum State. *See Walden*, 134 S.Ct. at 1121 (citing *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The Court held that a defendant cannot be haled into court based on the random, fortuitous or attenuated contacts he makes by interacting with other persons affiliated with the State. *Id.* at 1123. Further, the Court held that the important question is whether a defendant's conduct connects him to the forum State in any meaningful way and whether the forum State is the focal point of the harm suffered. *See id.* at 1123, 1125.

The Court further explained that its decision in *Calder v. Jones*, 464 U.S. 783 (1984), demonstrated the application of these principles. In *Calder*, an actress brought a libel suit in California state court against a reporter and an editor, both of whom worked for the National Enquirer at its headquarters in Florida. *Calder*, 464 U.S. at 785–86. The plaintiff's libel claims were based on an article written and edited by defendants in Florida for publication in the National Enquirer, a national weekly newspaper with a California circulation of approximately 600,000. *Id.* at 785. In *Walden*, the Court discussed its decision in *Calder*, explaining:

> We found those forum contacts to be ample: The defendants relied on phone calls to "California sources" for the information in their article; they wrote the story about the plaintiff's activities in California; they caused reputational injury in California by writing an allegedly libelous article that was widely circulated in the State; and the "brunt" of that injury was suffered by the plaintiff in that State. 465 U.S., at 788–789, 104 S.Ct. 1482. *"In sum, California [wa]s the focal point both of the story and of the harm suffered." Id.*, at 789, 104 S.Ct. 1482. *Jurisdiction over the defendants was "therefore proper in California based on the 'effects' of their Florida conduct in California." Ibid.*

8

*Walden*, 134 S.Ct at 1123 (emphasis added). The minimum contacts requirement was satisfied in *Calder* because the effects caused by defendants' article – i.e., the injury to the plaintiff's reputation in the estimation of the California public – "connected the defendants' conduct to California, not just to a plaintiff who lived there." *Id.* at 1124. The same cannot be said in the case at hand.

Despite the fact that Defendant visited Michigan on four occasions to discuss the circumstances resulting from the gifting of Property 3, the harm suffered by Balwant and Mohinder was in Illinois rather than Michigan. The Supreme Court in *Walden* reaffirmed that the effects of a defendant's conduct at issue must connect a defendants' conduct to the forum State. *See Walden*, 134 S.Ct. at 1123–1124. The effects of Defendant's conduct – his alleged seizure of funds and identification, and his misuse of funds - do not connect defendant to Michigan. Plaintiffs' legal claims were perfected in Illinois. Accordingly, specific jurisdiction is not warranted on the foregoing grounds.

**Denial of Access to Funds**

Specific jurisdiction is defined as adjudicatory authority in which the suit arises out of or relates to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). In analyzing the facts, the Court in *Walden* held that plaintiffs' injury - the delayed return of their funds while residing in Nevada – was not a meaningful injury, as plaintiffs only lacked funds in Nevada

9

because Nevada " [was] where plaintiffs chose to be at the time they desired to use the funds…" *Walden*, 134 S.Ct. at 1125. The Court reasoned that Plaintiffs would have experienced the same lack of access wherever they traveled and found themselves wanting more money. *Id.* Because the continued seizure of the funds was not tied to Nevada in a meaningful way, the Court concluded that the effects of defendant's conduct on plaintiffs was not connected to the forum State in a way that makes those effects a proper basis for jurisdiction. *Id.*

Plaintiffs' assertion that jurisdiction is warranted because Defendant did not provide Balwant and Mohinder with access to their funds or an accounting of their funds while in Michigan, is almost the exact assertion the Supreme Court addressed in *Walden*. Here, Michigan is simply the location in which Balwant and Mohinder elected to reside at the time they sought use of the seized funds. They would have experienced this same lack of access wherever else they might have traveled. Accordingly, this argument provides no basis for jurisdiction.

**Phone and Email Messages**

Lastly, Plaintiffs' assertion that Defendant's harassing phone calls and emails to Plaintiffs, while residing in Michigan, warrant specific jurisdiction fails as well. The conduct does not connect Plaintiff to Michigan in any meaningful way. Plaintiffs would have experienced the same phone calls and emails wherever else

they might have traveled and found themselves checking their email or voice messages.

Further, Defendant's phone calls and emails do not form the basis of any cause of action in this suit. Instead, these communications were made in an effort to resolve the disputed issues. Federal courts have declined to find specific jurisdiction when the defendant's contact with the forum state is limited to an attempt to resolve the parties' dispute. *Harris v. Lloyds TSB Bank, PLC*, 281 F. App'x 489, 495 (6th Cir. 2008) (citing *Wisconsin Elec. Mfg. Co. v. Pennant Prods. Inc.*, 619 F.2d 676, 678 n. 10 (7th Cir.1980); *Neal v. Janssen*, 270 F.3d 328, 332 (6th Cir. 2001).

The minimum contacts analysis looks at the defendant's contacts with the forum State itself, not the defendant's contacts with the persons who reside there. *Murtech Energy Servs., LLC v. ComEnCo Sys.*, Inc., No. 2:13-CV-12721, 2014 WL 2863745, at *9 (E.D. Mich. June 24, 2014) (citing Walden, 134 S.Ct. at 1122). Plaintiffs cannot be the only link between Defendant and the forum. *Id.* The Court finds that Defendant's relevant conduct occurred in Illinois, and that the assertions raised by Plaintiffs do not authorize specific jurisdiction over Defendant.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss for lack of

personal jurisdiction pursuant to Rule 12(b)(2).

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 25, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 25, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager